**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117063

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jason G Cesario, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Hamilton Law Group, PC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Jason G Cesario, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Hamilton Law Group, PC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Jason G Cesario is an individual who is a citizen of the State of New York residing in Bronx County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Hamilton Law Group, PC, is a Pennsylvania Professional Corporation with a principal place of business in Northampton County, Pennsylvania.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated October 17, 2018. (**Exhibit 1.**)

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. The Letter threatens a "service charge" of up to $50.00 for all returned checks.

17. The Letter further threatens a "service fee" of $25.00 for all declined debt or credit cards.

18. NYGOL § 5–328 provides, "The holder of a dishonored check given in payment for a consumer transaction or an account may collect from, charge, or add to the outstanding balance of the account of, the person from whom such check was received or to whom such credit was extended, a dishonored check charge of not more than the lesser of the amount agreed upon, if contracted for, or twenty dollars."

19. As such, the maximum fee allowed pursuant to NYGOL § 5–328 could never be

2

more than $20.00.

20.     As such, the maximum fee allowed pursuant to NYGOL § 5–328 can never be more than $20.00.

21.     As such, the maximum fee allowed pursuant to NYGOL § 5–328 would never be more than $20.00.

22.     15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

23.     The threat of a "service charge" of up to $50.00 for all returned checks, is a false, deceptive, and/or misleading representation in connection with the collection of the Debt.

24.     The threat of a "service charge" of a "service fee" of $25.00 for all declined debt or credit cards, is a false, deceptive, and/or misleading representation in connection with the collection of the Debt.

25.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

26.     The threat of a "service charge" of up to $50.00 for all returned checks, is a false representation and/or deceptive means to attempt to collect the Debt.

27.     The threat of a "service charge" of a "service fee" of $25.00 for all declined debt or credit cards, is a false representation and/or deceptive means to attempt to collect the Debt.

28.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

29.     The threat of a "service charge" of up to $50.00 for all returned checks, is a false representation of the character, amount, or legal status of any debt.

30.     The threat of a "service charge" of a "service fee" of $25.00 for all declined debt or credit cards, is a false representation of the character, amount, or legal status of any debt.

31.     15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

32.     The threat of a "service charge" of up to $50.00 for all returned checks, is a false representation of or compensation that may be lawfully received by any debt collector for the collection of a debt.

33.     The threat of a "service charge" of a "service fee" of $25.00 for all declined debt

3

or credit cards, is a false representation of or compensation that may be lawfully received by any debt collector for the collection of a debt.

34. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

35. The threat of a "service charge" of up to $50.00 for all returned checks, is a threat to take action that cannot legally be taken.

36. The threat of a "service charge" of a "service fee" of $25.00 for all declined debt or credit cards, is a threat to take action that cannot legally be taken.

37. The threat of a "service charge" of up to $50.00 for all returned checks, is a threat to take action that is not intended to be taken.

38. The threat of a "service charge" of a "service fee" of $25.00 for all declined debt or credit cards, is a threat to take action that is not intended to be taken.

39. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A), 1692e(2)(B), 1692e(5).

## CLASS ALLEGATIONS

40. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted, and/or threatened, to collect the fees previously stated, from one year before the date of this Complaint to the present.

41. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

42. Defendant regularly engages in debt collection.

43. The Class consists of more than 35 persons from whom Defendant attempted, and/or threatened, to collect the fees previously stated.

44. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

45. The prosecution of separate actions by individual members of the Class would

4

create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

46.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

47.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: March 13, 2019

                                  **BARSHAY SANDERS, PLLC**

                                  By: _/s/ *Craig B. Sanders* _____
                                  Craig B. Sanders, Esq.
                                  100 Garden City Plaza, Suite 500
                                  Garden City, New York 11530
                                  Tel: (516) 203-7600
                                  Fax: (516) 706-5055
                                  csanders@barshaysanders.com
                                  *Attorneys for Plaintiff*
                                  Our File No.: 117063